# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SIERRA M. ROGERS,

    Plaintiff,

v.                                       Case No. 3:24-cv-142-MMH-PDB

WILLIE C. JACKSON, JR.,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant Willie C. Jackson, Jr.'s Notice of Removal (Doc. 1; Notice) filed on February 7, 2024.[1] Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "The existence of federal jurisdiction is tested as of the time of removal." Ehlen Floor Covering, Inc. v.

---

[1] In the Notice, Jackson puts his own name in the "Plaintiff(s)" field. See Notice at 1. However, a review of the record confirms that he is the Defendant in the action he seeks to remove to this Court.

Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011); see also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294–95 (11th Cir. 2008). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Here, Jackson appears to invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. See Notice at 1.[2]

"In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." Adventure Outdoors, 552 F.3d at 1295; see also Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). To meet his burden of proving proper federal jurisdiction, the removing "defendant[ ] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." Adventure Outdoors, 552 F.3d at 1294–95; see also Ehlen Floor Covering, 660 F.3d at 1287. "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, 552 F.3d at 1294. Moreover, a

---

[2] Jackson does not assert, nor does it appear, that the Court has diversity jurisdiction over this action.

district court "may remand a case <u>sua sponte</u> for lack of subject matter jurisdiction at any time." <u>Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.</u>, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)).

Upon review, the Court finds that this case is due to be remanded because the Court lacks federal question jurisdiction over this action.  Indeed, the only claim Plaintiff has asserted in this case does not present a federal question or arise under a specific statutory grant.  <u>See generally</u> Petition to Establish Paternity, Child Support and for Other Relief (Doc. 3; Petition).  Rather, Plaintiff sought to establish a child's paternity.  <u>See</u> <u>id.</u> at 3–4.  A state law claim may give rise to federal question jurisdiction if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 314 (2005); <u>see also</u> <u>Adventure Outdoors</u>, 552 F.3d at 1295 (recognizing "that '<u>Grable</u> exemplifies' a 'slim category' of cases." (citation omitted)).  On the face of the Petition, however, Plaintiff did not raise a "substantial" federal question, but rather simply sought an order adjudicating paternity and requiring payment of child support.  <u>See</u> Petition at 3–4.

In the Notice, Jackson appears to assert that the Court has federal question jurisdiction over this action because "OCSS is the federal agency that

oversees the national child support program," and "[t]he state courts are not recognizing" federal constitutional law, "statutes, codes and remedies." See Notice at 1. However, in the Petition Plaintiff did not assert any claim against a federal agency or any claim derived from any federal law, right, or regulation. Moreover, even if Jackson intends to assert a defense or counterclaim based on federal law, this would not provide a basis for federal subject matter jurisdiction. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830–32 (2002) ("[W]e decline to transform the longstanding well-pleaded complaint rule into the 'well-pleaded-complaint-or-counterclaim rule.'" (emphasis in original)); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) ("The determination of whether federal question jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint; an anticipated or even inevitable federal defense generally will not support removal based upon federal question jurisdiction.").

As such, upon review of the Notice and Petition, the Court determines that it lacks subject matter jurisdiction over this action and removal is improper. Accordingly, it is

**ORDERED:**

1. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court of the Fourth Judicial Circuit in and for Duval

County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

2. The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on February 12, 2024.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc31

Copies to:

Counsel of Record
Pro Se Parties

Clerk, Circuit Court, Fourth Judicial Circuit
in and for Duval County, Florida